**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIE SAMPSON,

    Plaintiff

v.

WILLIAM GITTERE, et al.,

    Defendants

Case No.: 3:23-cv-00142-MMD-CSD

**Order**

Re: ECF No. 40

Plaintiff has filed a motion to see a confidential audio CD. (ECF No. 40.) Plaintiff asserts that he was called to the law library to review a confidential audio CD of his disciplinary hearing relevant to this case, but it was a blank CD.

Defendants respond that this was the same CD that was manually filed with the court. Nevertheless, counsel has contacted the Associate Warden and arranged to make the audio of the hearing available to Plaintiff to review. (ECF No. 41.)

Accepting defense counsel's representation, Plaintiff's motion to see the confidential audio CD (ECF No. 40) is denied as moot.

Plaintiff did not include within this motion a request to file supplemental briefing with respect to Defendants' pending motion for summary judgment; however, in reviewing the docket, the court finds it is reasonable to permit him to do so.

Defendants filed their motion for summary judgment on October 30, 2025. (ECF No. 31.) Plaintiff did not timely file a response, and the court gave him an extension until December 12, 2025, to file a response. (ECF No. 34.)

The court notes that in his "opposition" to Defendants' motion for summary judgment, filed on December 16, 2025, Plaintiff stated that he received the motion for summary judgment on December 9, 2025, while in the NNCC infirmary recovering from surgery. Plaintiff asked the court for an extension of time to respond to the summary judgment motion because he was hospitalized when the motion was filed, and was not aware of the motion until December 9, 2025. (ECF No. 35.)

Defendants' reply brief acknowledges that Plaintiff was hospitalized from October 27-November 1, 2025, and for two additional days beginning December 2, 2025. While Plaintiff claimed he did not get the motion until December 9, 2025, the NNCC law library receipt indicates that it was received on November 3, 2025, and as such, Defendants argue that Plaintiff had over a month to provide a response or seek an extension.

While Defendants dispute when Plaintiff received the motion for summary judgment, they acknowledge that Plaintiff was in the hospital when the motion for summary judgment. They do not dispute that he was subsequently in the infirmary recovering from the surgery for which he was hospitalized. Therefore, the court finds it reasonable to grant Plaintiff an extension of time to file his response to the motion for summary judgment.

## CONCLUSION

Plaintiff's motion (ECF No. 40) is **DENIED AS MOOT**. Defense counsel shall ensure Plaintiff has been provided with an opportunity to review the audio from the disciplinary hearing.

///

///

2

Plaintiff has until **March 20, 2026**, to file a response to Defendants' motion for summary judgment. Defendants may file a reply on or before **April 3, 2026**.

**IT IS SO ORDERED**.

Dated: February 25, 2026

_____
Craig S. Denney
United States Magistrate Judge

3